## UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re:** | : | **Chapter 13** |
| | : | |
| **ELAINE JONES** | : | **Bankruptcy No. 15-15969-elf** |
| | : | |
| Debtor | : | **Related to Document No. 82 & 83** |

### STIPULATION

U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust ("US Bank"), by its counsel, Tucker Arensberg, P.C., files this Stipulation as follows:

1. US Bank is the holder of a claim which is secured by the real property located at 1733 Georges Lane, Philadelphia, PA 19131 ("Property").

2. US Bank has filed a Certification of Default as a result of the Debtor's failure to make payments when due under both the terms of the Contract with US Bank and under the terms of the Stipulation resolving the Motion for Relief from Stay granted by the Court on February 2, 2017.

3. The parties have come to an agreement pursuant to which the Debtor shall do the following:

    (a) the Debtor will continue making her regular monthly mortgage payments directly to US Bank, beginning with the December 1, 2018 payment;

    (b) the Debtor will cure the post-petition arrears totaling $14,236.96 by amending the Chapter 13 within thirty (30) days of the entry of the Order; and

    (b) The Debtor also agrees to keep the Property fully insured and to have US Bank listed on their policy as the loss payee.

4. In the event Debtor fails to comply with the terms of this Stipulation, US Bank shall send a notice of default under the terms of this Stipulation to the Debtor and their counsel giving them ten (10) days to cure the default. If the default is not cured within 10 days or the Debtor and/or her counsel agrees that the default cannot or will not be cured, US Bank shall file an affidavit of default and a proposed order

- 2 -

granting relief from the stay which shall be granted without further hearing by the Court and US Bank may enforce its state-court rights in the Property without further notice and/or hearing.

6. This Stipulation shall become null and void, without further Order or Hearing, if the Debtor's underlying Chapter 13 Bankruptcy is converted to a Chapter 7 case or if the underlying Chapter 13 Bankruptcy case is dismissed.

7. It is further agreed by the Parties that any facsimile signatures on this stipulation shall be as enforceable and binding as an original signature.

Consented to:

/s/ *Jillian Nolan Snider*
Jillian Nolan Snider, Esquire
Attorney for U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust

/s/ *Brad J. Sadek*
Brad J. Sadek, Esquire
Attorney for Debtor

/s/ LeRoy Etheridge Jr.
William C. Miller, Esquire    NO OBJECTION
Chapter 13 Trustee            *without prejudice to any
                              trustee rights or remedies.

TADMS:5064601-1 018919-184721

- 2 -